Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 3756 | DATE | 8-5-08 |
| CASE TITLE | Dubois Williams (B-44780) v. Illinois Department of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint. Plaintiff is given 30 days from the date of this order to submit an amended complaint. Plaintiff's failure to submit an amended complaint (plus a judge's copy and service copies) in accordance with this order will result in dismissal of this case. The court orders the trust fund officer at plaintiff's place of confinement to deduct $2.50 from his account as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center, and shall send an amended complaint form to plaintiff. The court denies at this time plaintiff's motion for the appointment of counsel [#4].

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Dubois Williams (B-44780), a state prisoner currently incarcerated at Dixon Correctional Center has this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He names Illinois Department of Corrections as defendant but claims that two officers, Lt. Kuger (at Big Muddy River Correctional Center) and Lt. Sambdman (at Dixon Correctional Center) illegally detained plaintiff.

Plaintiff having demonstrated that he is unable to prepay the filing fee, the Court grants his motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $2.50. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments fro plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. Plaintiff shall remain responsible for this payment obligation and, in the event he is transferred, officials at Dixon shall notify any transferee authorities of any outstanding balance owed by plaintiff.
(CONTINUED)

isk

**STATEMENT (continued)**

Although plaintiff may proceed *in forma pauperis*, preliminary review of his complaint, see 28 U.S.C. §1915A, reveals that the current complaint cannot proceed forward. Plaintiff asserts only that he was "detain[ed] illegally." Although plaintiff need not provide extensive details of his claim under the federal notice pleading requirement, he must provide sufficient information to place the defendants on notice of what the claim is and the factual grounds upon which it rests so that the defendants can respond. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Plaintiff's complaint fails to provide sufficient information about his claim, and it is unclear what actions or inactions by the defendants are being challenged, and when and where such actions or inactions occurred. Also, the Illinois Department of Corrections is not a person or entity, and cannot be named as a defendant. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

Accordingly, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint. If plaintiff wants to proceed with this case, he must submit an amended complaint, plus a judge's copy and a service copy for each defendant. The clerk shall forward an amended complaint form to plaintiff. Plaintiff should write the case number and the judge's name on the amended complaint form. Plaintiff is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. The Court will not refer to prior complaints to determine plaintiff's claims or the defendants to this action. Plaintiff should thus include all of the claims he seeks to raise in this action and name all of the defendants he seeks to sue in this suit in the amended complaint. Plaintiff is given 30 days to comply with this order. His failure to do so will result in dismissal of this case without prejudice.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff does not indicate that he sought to obtain counsel or that he was prevented from doing so. Furthermore, the case at the present time does not involve complex discovery or an evidentiary hearing, and plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).